IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| SHARI HARPER and GLENN HARPER, Plaintiffs, vs. TO ALL CONCERNED–THE SECOND DISTRICT COURT JUDGES STATE OF UTAH–AND ALL OTHER PERSONS, Defendants. | MEMORANDUM DECISION AND ORDER DENYING REQUEST FOR INJUNCTION HEARING<br><br>Case No. 1:10-CV-80 TS |

This matter is before the Court on Plaintiffs' Request for an Injunction Hearing. For the reasons discussed below the request will be denied. Plaintiffs filed a Complaint on May 27, 2010, and a Request for Hearing on Injunction on June, 21, 2010. It does not appear from the Docket that either of the filings have been served on the Defendants. Plaintiffs are proceeding pro se.

Rule 4(m) of the Federal Rules of Civil Procedure requires that a copy of the complaint be served upon a defendant within 120 days of the filing of the complaint.[1] Failure to serve a

---

[1] FED. R. CIV. P. 4(m).

1

defendant within this time period results in dismissal without prejudice.[2]

The standard for the grant of a TRO was stated in the case *Bachman By and through Bachman v. West High School*:[3]

> The Tenth Circuit requires a movant to establish four elements as the basis for issuance of a TRO or preliminary injunction: (1) the moving party will suffer irreparable injury unless the injunction issues; (2) the threatened injury to the moving party outweighs any damage to the opposing party; (3) the injunction, if issued, will not be adverse to the public interest; and (4) a substantial likelihood exists that the moving party will prevail on the merits.[4]

A court may not issue a preliminary injunction without notice to the adverse party.[5] An Ex Parte Temporary Restraining Order may only be issued without notice to the adverse party if through affidavit or verified complaint the party clearly shows immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.[6] The movant must also certify in writing any efforts taken to provide notice or why notice should not be required.[7]

Plaintiffs in this case have neither served the Complaint or Request on Defendants, filed

---

[2] *Id*.

[3] 900 F.Supp. 248, 250 (D. Utah 1995) *aff'd* 132 F.3d 542 (10th Cir. 1997).

[4] *Id.* (citing *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir.1991); *Seneca-Cayuga Tribe v. State ex rel. Thompson*, 874 F.2d 709, 716 (10th Cir.1989); *Tri-State Generation v. Shoshone River Power, Inc.*, 805 F.2d 351, 355 (10th Cir.1986); accord *Albright v. Board of Educ. Of Granite Sch. Dist.*, 765 F.Supp. 682, 686 (D. Utah 1991)).

[5] Fed. R. Civ. P. 65(a)(1).

[6] *Id.* at (b)(1).

[7] *Id*.

a motion for injunctive relief, notified Defendants of the motion, nor fulfilled the ex parte requirements. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[8] Even though the Court must hold Plaintiffs to a more lenient pleading standard, they must still comply with the most basic requirements set forth in the rules. Because they have failed to do so, the Court will deny the request without prejudice.

Based on the above, it is hereby

ORDERED that Plaintiffs' Request for Injunction Hearing (Docket No. 4) is DENIED WITHOUT PREJUDICE.

DATED June 30, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).