IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SHARI HARPER<br>GLENN HARPER<br><br>Plaintiffs,<br><br><br><br>vs.<br><br>To all concerned – The Second District Court Judges state of Utah – and all Other persons<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ON MOTION FOR SERVICE OF PROCESS<br><br><br><br>Case No. 2:10-CV-80 TS |

I. INTRODUCTION

This matter is before the Court for screening of Plaintiffs' Complaint.  Plaintiffs are proceeding pro se and in forma pauperis.  Because the Court finds that Plaintiffs' Complaint fails to state a claim upon which relief may be granted, the Court will deny Plaintiffs' Motion for Service of Process and dismiss Plaintiffs' Complaint.

Plaintiffs Shari Harper and Glenn Harper filed their Complaint with the Court on May 27, 2010.  On June 21, 2010, Plaintiffs filed a Motion[1] requesting a hearing on the injunction that they sought in their Complaint.  The Court denied the Motion on July 1, 2010, as Plaintiffs had not served either their Complaint or their Request for Hearing on Injunction on Defendants and Plaintiffs had not shown immediate and irreparable injury through affidavit or verified

---

[1] Docket No. 4.

complaint.[2]  On August 4, 2010, Shari Harper filed a letter with the Court, "verify[ing] the complaint on file" and stating "there is harm ongoing which is immediately threatening to my life and/or person, property, liberties, and/to [sic] Glenn Harper's life and/or person, property, and liberties."[3]  There were no further filings in this case until August 24, 2011, when Plaintiff Shari Harper filed a Motion for Service of Process, leading the Court to now screen Plaintiffs' Complaint pursuant to 28 U.S.C. § 1915(e)(2).

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), a court must screen cases filed in forma pauperis and must "dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

> "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."[4]

> We apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. . . .  In the Rule 12(b)(6) context, "[w]e look for plausibility in th[e] complaint."  In particular, we "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  Rather than adjudging whether a claim is "improbable," "[f]actual

---

[2] Docket No. 5, at 1-3.

[3] Docket No. 6, at 1.

[4] *Kay v. Bemis*, 500 F.3d 1214, 1217 (quoting *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001) (internal quotation omitted); *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002)).

allegations [in a complaint] must be enough to raise a right to relief above the speculative level."[5]

"In addition, we must construe a pro se appellant's complaint liberally."  This liberal treatment is not without limits, and "this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."[6]

### III. ALLEGATIONS IN PLAINTIFFS' COMPLAINT

Plaintiffs' Complaint is titled "Petition for immediate injunction Relief" and names as Defendants "To all concerned—The Second District Court Judges state of Utah—and all Other persons."[7]  The Complaint begins by requesting "an injunction against orders issued in a case in the Second District in and for Weber County, State of Utah, Ogden Department" and "any and all relief the court can grant to Shari Harper and/or Glenn Harper."  Later in their Complaint, Plaintiffs request "findings from the court consistent with each and every fact" set forth in their Complaint and "an appropriate order for immediate relief."[8]

Plaintiffs make many allegations relating to a state court action involving the guardianship of Glenn Harper.  Specifically, they allege misdeeds by the Second District Court Judges;[9] the State of Utah;[10] and Judge Michael DiReda—the judge assigned to the state court

---

[5] *Id.* at 1217-18 (quoting *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 & n.2 (10th Cir. 2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007)).

[6] *Id.* at 1218 (quoting *Gaines v. Stenseng*, 292 F.3d at 1224 (10th Cir. 2002); *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation omitted)).

[7] Docket No 3, at 1.

[8] *Id.* at 6.

[9] *Id.* at 1.

[10] *Id.*

proceeding.[11]  Plaintiffs allege that Judge DiReda presided over a "pretended case" and "held what he called a hearing."[12]  Furthermore, Plaintiffs allege that the Second District Court was without jurisdiction and the judgment is void because there was no proof of service relating to Glenn Harper or Shari Harper.[13]  Finally, Plaintiffs allege that proceeding without jurisdiction constituted treason and aiding and abetting enemies of the United States.[14]

## IV. ANALYSIS

The Court now reviews Plaintiffs' Complaint under 28 U.S.C. § 1915(e)(2).  Construing the Complaint liberally, it appears that Plaintiffs are requesting that the Court find that the state court lacked jurisdiction over the guardianship proceedings and overturn those proceedings. Although not specifically requested, Plaintiffs' request for "any other appropriate relief" could also be construed as a request for damages against the State of Utah, the Second District Court Judges, or Judge DiReda himself.

After reviewing Plaintiffs' Complaint, the Court finds that it must be dismissed because it 1) seeks monetary relief against a defendant who is immune from such relief and 2) fails to state a claim upon which relief may be granted.  First, to the extent that Plaintiffs' Complaint could be construed as a claim for damages against the State of Utah, the Second District Court Judges, or Judge DiReda, such a claim would be barred.  Both the State of Utah and the arms of the State[15]

---

[11] *Id.* at 2.

[12] *Id.*

[13] *Id.* at 3-4.

[14] *Id.* at 8-10.

[15] *N. Ins. Co. of N.Y. v. Chatham Cnty., Ga.*, 547 U.S. 189, 193 (2006).

enjoy Eleventh Amendment immunity,[16] which they have expressly reserved with respect to "the institution or prosecution of any judicial or administrative proceeding, even if malicious or without probable cause."[17]  Furthermore, with respect to the judges, the doctrine of absolute judicial immunity bars Plaintiffs' claims.  As the Tenth Circuit has stated:

> Judges are absolutely immune from civil liability for judicial acts, unless committed in the clear absence of all jurisdiction.  A judge does not act in the clear absence of all jurisdiction even if the action he took was in error, was done maliciously, or was in excess of his authority.  Moreover, [a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors.[18]

Plaintiffs do not allege facts sufficient to maintain a claim that would overcome absolute judicial immunity.  While Plaintiffs have alleged that there was no service of process, even if this were a requirement in the underlying guardianship case, Glenn Harper was obviously aware of the proceedings, as he was present in the hearings and involved in the process.[19]  Furthermore, it appears that one reason Shari Harper may not have been served was because "she [was] not a party to [the] case."[20]  Therefore, there would have been no reason to serve her.

With respect to Plaintiffs' request for injunctive relief, the Court finds that the Complaint fails to state a claim upon which relief can be granted.  This Court is not an appropriate venue to

---

[16] *Blatchford v. Native Vill. of Noatak & Circle Vill.*, 501 U.S. 775, 779 (1991) ("we have understood the Eleventh Amendment to stand not so much for what it says, but for the presupposition of our constitutional structure which it confirms: that the States entered the federal system with their sovereignty intact; that the judicial authority in Article III is limited by this sovereignty, and that a State will therefore not be subject to suit in federal court unless it has consented to suit").

[17] Utah Code Ann. § 63G-7-301.

[18] *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) (alteration in original) (citations omitted).

[19] *See generally*, Docket No. 3 Ex. 1.

[20] *Id.* at 8.

appeal a state court action and does not have subject-matter jurisdiction over guardianship

actions.  Furthermore, "[t]he *Rooker-Feldman*[21] doctrine prevents lower federal courts from

exercising jurisdiction over cases brought by state-court losers challenging state-court judgments

rendered before the district court proceedings commenced."[22]  Here, Plaintiffs ask the Court to

set aside a prior state court proceeding.  Under the *Rooker-Feldman* doctrine, the Court lacks

subject matter jurisdiction over any claim that the prior proceeding should be overturned.[23]

Finally, while Plaintiffs have alleged a number of wrongdoings, they have not alleged any

immediate or irreparable harm with specificity, as required to warrant injunctive relief.

V. CONCLUSION

Based on the foregoing, it is therefore

ORDERED that Plaintiff Shari Harper's Motion for Service of Process (Docket No. 7) is

DENIED.  It is further

ORDERED that Plaintiffs' claims against all Defendants are DISMISSED.  The Clerk of

the Court is directed close this case forthwith.

---

[21] *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Ap. v. Feldman*, 460 U.S. 462 (1983).

[22] *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (per curiam) (internal quotations omitted) (citing *Exxon Mobil Corp v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

[23] Furthermore, if the guardianship action were ongoing in state court, the important state interests implicated and the ability of Glenn Harper to seek relief in that case and its subsequent appeal would leave this Court without jurisdiction through the doctrine of *Younger* abstention. *See H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613-14 (9th Cir. 2000).

DATED   February 1, 2012.

BY THE COURT:

_____

TED STEWART
United States District Judge